UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| Body Brother, Inc., § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action H-21-2559 |
| § | |
| Yu Zhou and Hang Yu, § | |
| Defendants. § | |

## MEMORANDUM AND RECOMMENDATION

Pending before the court are Plaintiff Body Brother Inc.'s (Body Brother) motion for summary judgment, ECF No. 41, and Defendants Yu Zhou and Hang Yu's motion to dismiss or, in the alternative, for summary judgment, ECF No. 43. The court recommends that Plaintiff's federal-law claim be dismissed with prejudice, that the court decline to exercise supplemental jurisdiction over the remaining state-law claim, and that the case be remanded to the 151st Judicial District Court of Harris County, Texas.

1. **Procedural Posture and Allegations**

Body Brother brought this suit against Hang Yu and Yu Zhou in Texas state court on July 20, 2020. ECF No. 1-2. On August 6, 2020, Hang Yu and Yu Zhou filed third-party claims against Dr. Liu Yang, an alleged legal representative of Body Brother, and Rongyan Lu, the alleged "owner" and admitted initial director of Body Brother, for tortious interference with contractual relationships and breach of

fiduciary duty. ECF No. 2-6. The suit proceeded in state court for a year. *See* ECF Nos. 1–12. The case was procedurally complex and significant discovery was exchanged. *Id.* The state court judge entered several orders, and Defendants filed a petition for a writ of mandamus, which the Fourteenth Court of Appeals denied. *See* ECF Nos. 1–12 (filing 225 exhibits documenting the state court proceedings); ECF No. 12-13 (denying Hang Yu and Yu Zhou's petition for a writ of mandamus). On July 7, 2021, Body Brother amended its state court petition to include a federal-law claim under the Racketeer Influenced Corrupt Organization Act (RICO), 18 U.S.C. §§ 1961–68. ECF No. 46-1 (Am. Pet.). Defendants Hang Yu and Yu Zhou removed the suit to this court on August 6, 2021, based on federal question jurisdiction. ECF No. 1. Body Brother has not filed an amended complaint in this court, so its state court Amended Petition, ECF No. 46-1, is the live pleading.

According to the Amended Petition, Body Brother is a Texas corporation that imports and sells massage chairs. Am. Pet. at 3. Body Brother stores its inventory and operates out of its warehouse in Houston, Texas. *Id.* Body Brother is managed by a team located in China. *Id.* at 4. In October 2018, the Chinese managers directed Yu Zhou to form Body Brother. *Id.* Yu Zhou reportedly received the filing fee to form Body Brother from Rongyan Lu, who was to be the "owner" of Body Brother. *Id.* at 4–5. In April 2019, Yu Zhou was hired to manage the warehouse and Hang Yu, Yu Zhou's wife, was hired as a bookkeeper. *Id.* at 5.

In 2020, a conflict developed between Body Brother and Yu Zhou. Am. Pet. at 5. Yu Zhou did not provide the management team in China with requested documentation, refused to ship products from the warehouse, refused to have an accountant perform an audit, and threatened to sell the inventory for personal gain. *Id.* at 5–6. On June 8, 2020, Body Brother sent a representative to the warehouse, but Yu Zhou and Hang Yu refused to leave the warehouse and threatened the representative. *Id.* at 6. Body Brother then sent a former employee, Dr. Yang, to investigate. *Id.* at 6–7. From June to July 2020, Yu Zhou denied Dr. Yang access to the warehouse, threatened her, informed her that the entire inventory had been sold, and refused to leave the warehouse. *Id.* at 7.

Body Brother's original state court petition filed on July 20, 2020, alleged that Defendants violated the Texas Theft Liability Act (TTLA) by wrongfully appropriating the warehouse inventory with the intent to permanently deprive Body Brother of the property. ECF No. 1-2 at 5. Body Brother amended its state court petition on July 7, 2021, to add the RICO claim. Am. Pet. at 8–13. Body Brother alleges that Yu Zhou committed a pattern of racketeering activity to gain control of Body Brother so that he could sell the warehouse inventory for personal gain. *Id.* at 10.

Body Brother now moves for summary judgment solely on the question of Yu Zhou's ownership of the company. ECF No. 41. Hang Yu and Yu Zhou move to

dismiss all of Body Brother's claims based on Body Brother's failure to state claims upon which relief can be granted. ECF No. 43.

2. Analysis

### A. Defendants Yu Zhou and Hang Yu's Motion to Dismiss

Because Defendants move to dismiss the federal-law claim, which provides the sole basis of the court's jurisdiction, the court must first consider Defendant's motion to dismiss. *See Arena v. Graybar Elec. Co., Inc.,* 669 F.3d 214, 233 (5th Cir. 2012) ("Proper jurisdiction for a federal court is fundamental and necessary before touching the substantive claims of a lawsuit.")

Defendants Yu Zhou and Hang Yu move to dismiss Body Brother's claims against them under Rule 12(b)(6). ECF No. 43. Body Brother argues that Defendants' motion is untimely and should properly be considered as a Rule 12(c) motion for judgment on the pleadings rather than a Rule 12(b)(6) motion to dismiss. ECF No. 46 at 1–2. Body Brother argues the Amended Petition states a claim under both RICO and the TTLA. *Id.* at 2–6.

While a post-answer Rule 12(b)(6) motion is untimely, "courts do not mechanically or routinely deny any motion made after a responsive pleading as untimely." *Puckett v. United States*, 82 F. Supp. 2d 660, 663 (S.D. Tex. 1999), *aff'd sub nom. Puckett v. C.I.R.*, 213 F.3d 636 (5th Cir. 2000). "The courts consider Rule 12(b)(6) motions to dismiss filed after a responsive pleading, not as a Rule 12(b)

4

motion, but as a Rule 12(c) motion for judgment on the pleadings." *Id.* Rule 12(c) motions for judgment on the pleadings are reviewed under the same standard as Rule 12(b)(6) motions to dismiss for failure to state a claim. *See Waller v. Hanlon*, 922 F.3d 590, 599 (5th Cir. 2019).

A complaint that does not allege "enough facts to state a claim to relief that is plausible on its face" should be dismissed. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Regardless of how well-pleaded the factual allegations may be, they must demonstrate that the party is entitled to relief under a valid legal theory." *Langen v. Sanchez Oil & Gas Corp.*, No. CV 4:18-2840, 2019 WL 1674348, at *3 (S.D. Tex. Apr. 17, 2019). While a complaint does not require detailed factual allegations, a plaintiff must provide more than labels and conclusions. *Twombly*, 550 U.S. at 555. "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995).

### i. RICO

Body Brother alleges a civil RICO[1] violation under 18 U.S.C. § 1962(b). Am. Pet. at 9–14. Defendants argue that Body Brother's Amended Complaint does not adequately plead a violation of 18 U.S.C. § 1962(b). ECF No. 43 at 3–8.

---

[1] RICO refers generally to 18 U.S.C. §§ 1961–68 and encompasses both general principles of federal racketeering law and specific types of violations.

5

It appears that Body Brother is proceeding under 18 U.S.C. § 1964(c), which provides civil remedies and a private cause of action for "[a]ny person injured in his business or property by reason of a violation of section 1962 of this chapter." 18 U.S.C. § 1964(c). Section 1962(b) prohibits a person from employing "a pattern of racketeering activity. . . to acquire or maintain, directly or indirectly, any interest in or control of any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce." 18 U.S.C. § 1962(b); *see also Davis v. City of Alvarado,* 835 F. App'x 714, 720 (5th Cir. 2020) (quoting *Abraham v. Singh*, 480 F.3d 351, 355 (5th Cir. 2007), and explaining that all RICO claims "have three common elements: '(1) a person who engages in (2) a pattern of racketeering activity, (3) connected to the acquisition, establishment, conduct, or control of an enterprise'"). "Racketeering activity" is defined in 18 U.S.C. § 1961, which lists all manner of criminal activities that may form the basis for a RICO violation. These activities are often referred to as "predicate acts." Body Brother relies on 18 U.S.C. § 1961(1)(B), which lists as predicate acts dozens of federal criminal statutes. Finally, a "pattern of racketeering activity" is defined in 18 U.S.C. § 1961(5) to "require at least two acts of racketeering activity" occurring no more than ten years apart.

Section 1962 lists several "[p]rohibited [a]ctivities," each of which "targets distinct acts." 18 U.S.C. § 1962; *Gil Ramirez Grp., LLC v. Houston Indep. Sch. Dist.,*

6

No. 4:10-cv-4872, 2012 WL 5633880, at *12 (S.D. Tex. 2012). "[T]he purpose of Section 1962(b) is to prohibit the takeover of a legitimate business *through* racketeering, typically extortion or loansharking." *Vanderbilt Mortg. & Fin., Inc. v. Flores,* 735 F. Supp. 2d 679, 701 (S.D. Tex. 2010) (emphasis added). "[T]he gravamen of a [Section] 1962(b) violation is that, through a pattern of racketeering, the defendant acquires or maintains an interest in or control of an enterprise." *Id*. Importantly, the injury caused by the acquisition of the enterprise must be distinct from the injury caused by the acts used to acquire control of the enterprise. *Id.*; *see also Gil Ramirez Grp., LLC*, 2012 WL 5633880, at *12. In other words, it is not enough to show predicate acts. Rather a plaintiff must show that the predicate acts caused the takeover of the legitimate enterprise. "A claim under Section 1962(b) will be dismissed if the allegations indicate injury resulting from the commission of the predicate acts and do not suggest a distinct injury to the plaintiff by virtue of acquiring or maintaining an enterprise." *Vanderbilt Mortg.,* 735 F. Supp. 2d at 702–03 (internal quotations and citation omitted).

In its Amended Petition, Body Brother alleges that it employed Defendants at its warehouse. Am. Pet. at 4. Yu Zhou was hired in April of 2019 as the warehouse manager. *Id.* Hang Yu was to be the bookkeeper. *Id.* Yu Zhou set up the corporation at the direction of Rongyan Lu. *Id.* at 4–5. It was thereafter that the dispute forming the basis for this lawsuit arose. *Id.* at 5–6. It was in 2020 that Yu Zhou refused to

7

provide adequate support for his requests for reimbursement, failed to ship product to purchasers, refused to cooperate in an audit, and threatened to sell the company's inventory for his own benefit. *Id.* It was in the summer of 2020 that Defendants were fired but failed to relinquish possession of the warehouse or its inventory. *Id.* at 6. It was in June and July of 2020 that Dr. Yang was threatened and denied entry to the warehouse. *Id.* at 7. It was during that same period that Yu Zhou sold off the inventory. *Id.* Thus, the Amended Petition itself shows that Defendants gained control of the business at the behest of the Chinese management team, not by virtue of any criminal act.

Body Brother alleges several criminal acts that it claims to be predicates for its RICO claim.[2] Am. Pet. at 10–11. It claims Defendants violated 18 U.S.C. § 659 (theft of property from an interstate shipment) by taking control of the warehouse inventory. *Id.* at 10. Body Brother alleges Yu Zhou violated 18 U.S.C. § 1503 (influencing or injuring an officer or juror) when he filed false affidavits and declarations in an effort to maintain control of the warehouse. *Id.* at 10–11. Body Brother alleges that Defendants violated 18 U.S.C. § 1513 (retaliating against a witness, victim, or informant) by filing baseless lawsuits. *Id.* at 11. Body Brother

---

[2] Because Body Brother cannot otherwise establish a violation of 18 U.S.C. § 1962, the court need not analyze whether Body Brother has stated facts sufficient to establish the elements of the criminal acts it alleges.

8

alleges that Yu Zhou violated 18 U.S.C. § 1512 (tampering with a witness, victim, or informant) when he offered to dismiss a retaliatory lawsuit if one of Body Brother's representatives would change her testimony. *Id.* Finally, Body Brother alleges it was a violation of 18 U.S.C. § 2314 (transportation of stolen goods) for Yu Zhou to sell off the warehouse inventory. *Id.*

Each of the alleged predicate acts took place after Defendants were already in control of the warehouse. It appears that some of these acts took place during and as part of the state court litigation itself. None of the alleged predicate acts has been shown to have *caused* the takeover. Any injury associated with Defendants' selling of the inventory is distinct from any injury associated with Defendants' control of the warehouse. Moreover, the allegations in the Amended Petition are almost entirely conclusory. Body Brother does not allege, for example, how any declaration submitted or lawsuit filed caused or continued a takeover of the warehouse. This appears to be nothing more than a business dispute. There is no indication that a pattern of racketeering activity *caused* the takeover of Body Brother's warehouse. Rather, Body Brother alleges only injury from the predicate acts themselves, which is insufficient to support a RICO claim. *Gil Ramirez Grp., LLC*, 2012 WL 5633880, at *13 (explaining that mere allegations of predicate acts are insufficient to support a RICO claim).

The court should grant Defendants' motion for judgment on the pleadings and dismiss the federal RICO claim.

### ii. State-Law Claims

Having concluded that the federal-law claim should be dismissed, the court must determine whether it should or can retain jurisdiction over Body Brother's remaining state-law claim and the third-party state-law claims of tortious interference with contractual relationships and breach of fiduciary duty.

"Federal courts are courts of limited jurisdiction[,]" and the presumption is that "a suit lies outside this limited jurisdiction." *Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F.3d 530, 537 (5th Cir. 2017) (quoting *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001)). The court has "an independent obligation to determine whether subject-matter jurisdiction exists." *Soaring Wind Energy, L.L.C. v. Catic USA Inc.*, 946 F.3d 742, 749 (5th Cir. 2020) (quoting *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006)). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). The party asserting jurisdiction has the burden to prove by a preponderance of the evidence that the court has subject matter jurisdiction. *In re S. Recycling, L.L.C.*, 982 F.3d 374, 379 (5th Cir. 2020) (quoting *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996)).

For the following reasons, the undersigned recommends that the court decline to exercise jurisdiction over the remaining state-law claims.

### a. Diversity Jurisdiction

Federal courts have jurisdiction over a case asserting state-law claims when all defendants are citizens of different states from all plaintiffs and the amount in controversy is more than $75,000. 28 U.S.C. § 1332. Body Brother's Amended Petition confirms that it is a Texas corporation. Am. Pet. at 3; *see* 28 U.S.C. § 1332(c)(1). Body Brother's Amended Petition does not establish the citizenship of either Defendant. However, Body Brother's original Petition listed both Defendants as residing at an address in Katy, Texas. ECF No. 1-2 at 1. Several documents in the record show both Defendants as residing in Texas during the period the cause of action accrued and through the commencement of this suit. ECF Nos. 44-6 at 3; 44-11 at 2–3; 44-12 at 2, 16, 18. As a result, they are citizens of Texas for the purposes of 28 U.S.C. § 1332. *See* 28 U.S.C. § 1332(a)(2). Because the parties are not completely diverse, the court lacks diversity jurisdiction. 28 U.S.C. § 1332.

### b. Supplemental Jurisdiction

Federal courts have supplemental jurisdiction over claims that "are so related to the original claims that they. . . 'derive from a common nucleus of operative fact.'" *Mendoza v. Murphy,* 532 F.3d 342, 346 (5th Cir. 2008) (quoting *United Mine Workers of America v. Gibbs,* 383 U.S. 715, 725 (1966)); *see also* 28 U.S.C.

§ 1367(a). A district court may decline to exercise supplemental jurisdiction if: (1) the claim involves novel questions of state law; (2) the state-law claim predominates, (3) all federal-law or diversity claims have been dismissed; or (4) where there are exceptional circumstances. 28 U.S.C. § 1367(c).

The Fifth Circuit has made it clear that a court must assess "the common-law factors of 'judicial economy, convenience, fairness, and comity.'" *Manyweather v. Woodlawn Manor, Inc.,* 40 F.4th 237, 246 (5th Cir. 2022) (quoting *Heggemeier v. Caldwell Cnty.*, 826 F.3d 861, 872 (5th Cir. 2016)). Based on these factors, the Fifth Circuit has "elucidated the general rule that 'a court should decline to exercise jurisdiction over remaining state-law claims when all federal-law claims are eliminated before trial.'" *Heggemeier,* 826 F.3d at 872 (quoting *Brookshire Bros. Holding Inc. v. Dayco Prods., Inc.*, 554 F.3d 595, 602 (5th Cir. 2009)). However, because the rule is "neither mandatory nor absolute" and within the court's discretion, it is necessary to analyze what is appropriate in this case. *Id.*

Judicial economy weighs somewhat in favor of declining to exercise supplemental jurisdiction. While the case has spent over a year in this court, it spent an equal amount of time in state court before removal. ECF No. 1. Hang Yu and Yu Zhou filed the third-party claims against Dr. Liu Yang a month after the filing of the case in state court. ECF No. 2-6. The record reflects that significant discovery was conducted on the state-law claims and that the case was contentiously litigated in

state court. *See* ECF Nos. 1–12. Additionally, there is no longer a trial setting set for the case in this court, ECF No. 59, and Body Brother's attorney has moved to withdraw as counsel for one of his clients, ECF No. 55. *See Manyweather,* 40 F.4th at 246 (concluding a district court was correct to decline supplemental jurisdiction where trial in federal court was not imminent).

The convenience and fairness factors do not favor one forum over the other. Both courts sit in Houston, Texas, where all the events giving rise to this dispute occurred. While the Chinese management team is not located in Houston, this court has no greater access to potential parties and witnesses in China than does the state court.

Comity weighs heavily in favor of litigating this case in state court. The remaining claims are all brought under state law. Texas courts have a significantly greater interest in interpreting and applying state law, especially where, as here, one party is a Texas corporation. The case was removed from the state court only because Body Brother added a federal-law claim more than a year into the proceedings. *See* ECF No. 1. As discussed above, that claim relies on a facially deficient legal theory offering no plausible relief. The common law factor of comity weighs dispositively in favor of this court declining to exercise jurisdiction over the remaining state-law claim.

Based on the court's assessment of these factors, this case should be remanded. *See Manyweather*, 40 F.4th at 246 (remanding case to state court based on assessment of the convenience and fairness factors after dismissing the plaintiffs' federal-law claims).

### 3. Conclusion

The court finds that further amendment of the complaint would be futile. Body Brother has amended its petition once already. Significantly, Body Brother attached the Amended Petition to its response and quoted it throughout its response in support of the argument that the Amended Petition stated sufficient facts to establish a RICO claim. *See* ECF No. 46 at 2–4. Although Body Brother states in its response that it believes any deficiency found by the court could be remedied by amendment, Body Brother bases its responsive arguments on the sufficiency of the Amended Petition as is. *See id.* at 4. Body Brother offers no argument or additional facts to show how amendment would overcome the Amended Petition's factual deficiencies discussed above. *Id.* Body Brother had the opportunity to address the defects that Defendants raised but chose instead to argue that its RICO claims satisfied the pleading requirements. *Cf. Khoury v. Thota*, No. 20-20578, 2021 WL 3919248, at *4 (5th Cir. 2021) (holding that, because the plaintiff chose to stand on his complaint and argue that it satisfied the pleading requirements, the district court did not err by denying leave to amend).

The court recommends that Body Brother's federal RICO claim be dismissed with prejudice and that the case be remanded to the 151st Judicial District Court of Harris County, Texas.

The parties have fourteen days from service of this Memorandum and Recommendation to file written objections. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas, on November 7, 2022.

```
                          _____
                              Peter Bray
                          United States Magistrate Judge
```